Christian, J.,
delivered the opinion of the court.
This is a supersedeas to a judgment of the Circuit court of the city of Richmond.
The record discloses the following facts :
Hiram W. Tyler and William H. Taylor were merchants and partuers doing business in the city of Richmond, under the name and style of Tyler & Taylor. In the year 1843 they were adjudged bankrupts, and on the 24th day of May 1843, they obtained from the District court of the United States for the eastern district of Virginia, a discharge in bankruptcy. Among other creditors, they were indebted to one Fendall Griffin, who had endorsed their notes to a large amount. After the administration of their assets by the Bankrupt court, there was still due to Griffin from Tyler & Taylor, several thousand dollars. Tyler was owner of a vessel called the II. W. Tyler, which was lost at sea, and had been insured in several insurance companies in the city of New York, for the aggregate sum of $10,000. This vessel had never been given in by Tyler with the schedule of his effecis in the Bankrupt court. Upon hearing this, Griffin went to the city of New York, and there commenced legal proceedings for the pui-pose of preventing the insurance companies from paying over the insurance money due to Tyler, and to have the same appropriated to the payment of his debt against Tyler & Taylor. The matter was compromised between Griffin and Tyler, the result of which was, that Griffin and Tyler entered into a written contract under seal, by which Tyler acknowledged himself to be indebted to Griffiu in the sum of $2,100, for the payment of which Griffin agreed to wait *702 until the insurance money upon said vessel was paid ; provided the said Tyler should pay down the sum of $>500 in cash, and the residue in two years.
In April 1850, an action was instituted on said covenant by Griffin against Tyler, and a judgment recovered against.Tyler for the sum of $l,-600, with interest from the 6th of January 1848. In October 1859, Hiram W. Tyler brought his suit in the Circuit court of the city of Richmond (an action on the case), against William Taylor, in which he seeks to recover of said Taylor one-half of the money which he had paid to Griffin ; under an alleged agreement that Taylor promised to pay one-half of whatever amount Tyler might pay to Griffin. The defendant pleaded non-assumpsit and non-assumpsit within five years. Upon the trial of this suit, to wit: on the 19th of November 1860, the jury found for the plaintiff on the issues joined, and assessed his damages at $>800, and allowed interest on the same from the 6th of January 1848. This verdict, however, was set aside by the court, and a new trial awarded. At the second trial the parties agreed to w'aive a trial by jury, and submit the whole case upon the law and the facts to the decision of the court; and the said court was of opinion “that the plaintiff has not shown himself entitled to. recover anything in this cause against the defendant and accordingly rendered judgment against the plaintiff for costs. It is from this judgment that a writ of error has been awarded to this court.
There having been two trials in the Circuit court, this court will look to the record of the proceedings in both trials, and if the said Circuit court erred in setting aside the verdict of the jury, that is an error for which this court, without considering the subsequent proceedings in the case, will reverse the judgment rendered for the defendant upon the second trial, and enter final judgment upon the verdict of the jury in favor of the plaintiff at the first trial. Pleasants v. Clements, 2 Leigh, 474 *703 Briscoe v. Clarke, 1 Rand. 213; Knox v. Garland, 2 Call. 241.
Upon the first trial the plaintiff excepted to certain instructions given by the court, which were in the following words : 1. “ That in order to entitle the plaintiff to recover in this cause, the jury must be satisfied from the evidence, that the defendant, Taylor,-agreed with and promised H. W. Tyler to pay him the moiety of the debt due to Griffin, if he (Tyler) paid Griffin the' whole of it; and that such promise was an express and unequivocal one'; and they must be further satisfied,, from the evidence, that the said Tyler afterwards, in pursuance of such agreement, paid the said debt to Griffin. 2. That even though the jury shall be satisfied from the evidence, that such payment was made as specified in the foregoing instruction, still to enable the plaintiff to recover on the second plea in the cause, they must be further satisfied that such payment was made within five years next before the institution of the suit.” The second instruction was not objected to, but a bill of exceptions filed to the first only.
We are of opinion that the Circuit court did not err in giving the said first instruction ; but that it very correctly and clearly expounded the law of the case as applied to the facts. It is unquestionably true, upon well settled legal principles, that Taylor could not be held responsible to Tyler, for a moiety of debt which he (Tyler) owed and had paid to Griffin, except upon a distinct and specific promise, and unequivocal agreement to pay one-half of the same, in pursuance of which agreement and promise- Tyler had paid Griffin. It is shown from the certificate of facts signed, by the judge, that the debt which Griffin had recovered against Tyler, was upon a covenant between Tyler and Griffin, to which Taylor was no party. Tyler and Taylor were both discharged bankrupts, and there was no legal obligation upon them to pay any part of the balance due to Griffin *704 remaining after the administration of their assets by the court of bankruptcy.
The covenant between Tyler and Griffin was entered into .by Tyler for the purpose of releasing from an attachment certain insurance money in the hands of insurance companies in How York, for the loss of a vessel which was the property of Tyler, and not the partnership property of Tyler and Taylor, and which vessel was not included in the schedule of Tyler. Taylor was in no manner interested in this fund, and it cannot be said that the debt growing out of that covenant was paid by Tyler, in pursuance of any understanding or agreement that Taylor would pay him one-half of the amount which he paid Griffin. So far from paying it in pursuance of any such agreement or promise, it was paid in pursuance of his own covenant with Griffin, which was enforced by a judgment of the court, and grew out of transactions to which Taylor was no party, and was in no -wise concerned. It is true that Griffin says in.his testimony, that Taylor had frequently said that though discharged as a bankrupt, he felt in honor bound to pay the balance due to him from the firm of Tyler & Taylor; and that they had some negotiations on the subject, when Taylor proposed to execute his .note to Griffin for one-half of the debt due from the firm, provided Tyler would execute his note for the other half. He also states that after he had obtained the covenant from Tyler under the circumstances referred to above, that Taylor frequently said to him, that he must sue Tyler upon the covenant, and that he would settle with Tyler ; and that he often said he felt himself honorably bound for one-half of what the firm owed to Griffin. But there is nothing in the certificate of facts, to show that Taylor ever made any specific or express promise to Tyler, or for his benefit, to pay one-half of the debt which Tyler had covenanted to pay Griffin, or that the said covenant *705 was entered into, or the money paid under it in pursuance of any such promise or agreement.
"We are, therefore, of opinion, that the verdict of the jury was manifestly contrary to the evidence, as well as to the law of the case as expounded by the court in the said first instruction, and that the said Circuit court did not err in setting aside the verdict of the jury and awarding a new trial.
And the court is further of opinion, that the said Circuit court did not err upon the second trial (in which a jury was waived, and the matters of law and fact submitted to the court,) in rendering a judgment for the defendant.
In this last trial both of the parties, Taylor and Tyler, testified in the case, and Griffin (the principal witness in the former trial) being dead, evidence was heard of his testimony previously given. In this trial we have no certificate of facts, but the whole of the evidence is spread upon the record. It is conflicting and contradictory, and presents the case certainly in no better light, for the plaintiff, than the former trials ; but. if it did, the evidence and not the facts being certified to this court, and that evidence being conflicting and contradictory, this court would not interfere with the judgment of the court below, which had the witnesses before it, heard them speak, and could better weigh the evidence and judge of the credibility of the witnesses. ~W"e are, therefore, of opinion that the judgment of the said Circuit court of the city of Richmond should be affirmed.
Judgment affirmed.